UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JOHN AULT, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 5:26-cv-00363-REW-HAI |
| | ) | |
| SHANNON BUTRUM, Warden, | ) | ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

*** *** *** ***

Before the Court is United States Magistrate Judge Hanly A. Ingram's Report & Recommendation. *See* DE 10. The Report & Recommendation concerns Petitioner John Ault's Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C § 2254. *See* DE 1. Judge Ingram determined that Ault filed this petition while another petition, # 2026-SC-0136, seeking discretionary review of the denial of his state postconviction motions, remains pending in the Kentucky Supreme Court. *See* DE 10 at 1. As a result of the pending state appellate petition, Judge Ingram concluded Ault's remedies are unexhausted, and the present petition should be dismissed without prejudice. *See id.* at 2.

Though Judge Ingram's Report & Recommendation advised Ault that he could file any appropriate objections to the Recommended Disposition, *see id.* at 3, the notice did not expressly inform the parties that a failure to timely object would result in a waiver or forfeiture of the right to further review or appeal. The Court thus provided the requisite notice and reset the objection deadline to October 27, 2026. *See* DE 11 (Order). The newly reset fourteen-day objection window passed, and Ault did not file an objection.

The Court is not required to "review ... a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate judge's report and recommendation he has forfeited his right to raise this issue on appeal' "); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made"); FED. R. CIV. P. 72(b).

The Court, with no objection and on full review of the record, **ADOPTS** Judge Ingram's Report & Recommendation (DE 10) and **DISMISSES** Ault's § 2254 petition (DE 1) **without prejudice**. A Judgment to this effect follows. The Court finds that Judge Ingram properly assessed the need for dismissal under the exhaustion requirement of 28 U.S.C. § 2254(b)(1). Should the state court deny relief, Ault may, if and when prescribed by law, again apply for federal habeas relief.

The Court also denies a certificate of appealability, under § 2253(c)(2) and habeas Rule 11. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see also* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right.”). Ault himself acknowledges that he has a pending state court petition. *See* DE 10 at 2. He thus failed to exhaust the remedies available in the courts of the State and has not made a substantial showing of the denial of a constitutional right. The Court **DENIES** a certificate of appealability.

This the 5th day of November, 2026.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**